

# THE ATTORNEY GENERAL

# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 1, 1966          *overrules V-1463*

Honorable Ed Keys
County Attorney
Ward County
Monahans, Texas

Dear Mr. Keys:

Opinion No. C-629

Re: Questions relative to
election of county school
trustees when the boundaries
of certain precincts have
been changed by the Commis-
sioners Court.

You have requested an opinion on whether, in the
election to be held on April 2, 1966, for county school
trustees in Ward County, the two trustees to be elected
from commissioners precincts should be elected in accordance
with the boundaries of the precincts as they now exist or as
they will exist under a resolution of the Commissioners Court
of Ward County which is to take effect on January 1, 1967.
The resolution, adopted on November 1, 1965, recites that the
redivision is being made "for the convenience of the people
of said County," and that the Court is acting pursuant to
the provisions of the Constitution of the State of Texas and
Articles 2351 and 2351½ of the Revised Civil Statutes of
Texas. The resolution does not mention precinct offices
either specifically or in general terms, or in any manner
undertake to state the effect of the redivision, other
than as follows in the final paragraph of the resolution:

"BE IT FURTHER RESOLVED that such redivision
shall be effective for all purposes as of January 1,
1967, and that the provisions of Section 1 (a) and
(b), Article 2351½, R.C.S. of Texas, as amended,
shall apply to such redivision of Ward County,
Texas; and the County Judge of Ward County, Texas,
is hereby authorized and empowered to execute all
instruments and documents on behalf of the Commis-
sioners Court necessary to carry out the terms
and provisions hereof."

Section 1 of Article 2676, Vernon's Civil Statutes,
reads in part as follows:

"Section 1. The general management and control of the public free schools and high schools in each county, unless otherwise provided by law shall be vested in five (5) county school trustees elected from the county, one (1) of whom shall be elected from the county at large by the qualified voters of the county and one (1) from each Commissioner's Precinct by the qualified voters of each Commissioner's Precinct, who shall hold office for a term of two (2) years. The time for such election shall be the first Saturday in April of each year; the order for the election of county school trustees to be made by the county judge at least thirty (30) days prior to the date of said election, and which order shall designate as voting places within each common or independent school district the same voting place or places at which votes are cast for the District Trustees of said common and independent school districts, respectively. * * *"

Paragraphs (a) and (b) of Article 2351½, V.C.S., enacted in 1965, read as follows:

"(a) Whenever the Commissioners Court changes the boundaries of commissioners precincts or of justice precincts, it may specify in its order a future date, not later than the first day of January following the next general election, on which the changes shall become effective. If an election for any precinct office is held before the effective date of the order, the office shall be filled at the election by the voters of the precinct as it will exist on the effective date of the change in boundaries. A person who has resided within the territory embraced in the new boundaries for the length of time required to be eligible to hold the office shall not be rendered ineligible by virtue of the precinct's not having been in existence for that length of time.

> "(b) When boundaries of commissioners precincts are changed, the terms of office of the commissioners then in office shall not be affected by such change, and each commissioner shall be entitled to serve for the remainder of the term to which he was elected even though the change in boundaries may have placed his residence outside of the precinct for which he was elected." (Emphasis supplied.)

The answer to your question turns on whether the term "precinct office" as used in the underscored sentence in Article 2351½ is intended to include county school trustees who are elected from commissioners precincts. In our opinion, the Legislature intended the term to refer only to officers who are elected by commissioners precincts and justice precincts at the general election for state and county officers on the first Tuesday after the first Monday in November of even-numbered years (Election Code, Art. 2.01), and did not intend to include county school trustees within the term.

It is an elementary rule of statutory construction that the meaning of a word or phrase should be determined with reference to the context in which it is used, and that the same word or phrase may have different meanings in different statutes. 53 Tex.Jr.2d 214, Statutes, Sec. 147. Cf. Att'y Gen. Op. WW-1110A (1962), holding that county school trustees are not county or precinct officers within the meaning of Article XVI, Section 64 of the Constitution, which provides terms of four years for "the elective district, county and precinct offices which have heretofore had terms of two years."

In Attorney General's Opinion No. C-580 (1966), it was stated that the purpose of paragraph (a) of Article 2351½ was to change the rule in Brown v. Meeks, 96 S.W.2d 839 (Tex. Civ.App. 1936, error dism.), which held that where an order of the commissioners court changing the boundaries of justice precincts, entered prior to the filing deadline for primary elections, provided that the changes were to become effective on the first day of January following the next general election and that precinct officers were to be elected at that election in accordance with the new boundaries, an attempted nomination of a constable for the new precinct was void. That case, it should be noted, dealt with an office filled at the general election for state and county offices.

Article 2351½ sets the first day of January following "the next general election" as the limitation on postponement of the effective date of the order. Although every election which is held at regular fixed intervals is a general election in the broad sense of the term, in common parlance it usually means the general election for state and county offices. Greenwood v. City of El Paso, 186 S.W.2d 1015 (Tex.Civ.App. 1945); Att'y Gen. Op. No. C-43 (1963). The fact that Article 2351½ specifies the first day of January following the election as the cutoff date for postponing effectiveness is evidence that the latter meaning was intended in this statute. The first day of January coincides with the beginning date of regular terms of precinct officers who are elected at the biennial November general election, Art. 17, V.C.S., and obviously this provision is tied in with a recognition of the desirability of electing officers in accordance with the new boundaries since the full term of their service will be after the change becomes effective. This would not be true of the office of county school trustee. In the present case, for example, trustees elected in accordance with the old boundaries will serve for almost three-fourths of a year (almost half their full term) before the change.

Other reasons could also be advanced to support our conclusion that county school trustees do not come within the provisions of Article 2351½, but we believe the foregoing reasons make the legislative intent clear enough without further development. It is our opinion that the coming election should be conducted in accordance with the commissioner precinct boundaries as they now exist. There is nothing in Brown v. Meeks, supra, contrary to our holding on this point. In that case, the court rejected the contention of one of the parties that he was entitled to the nomination for the old precinct, but it was on the ground that neither the commissioners court, the candidates, nor the voters had understood that the nomination to be made was for the old precinct and not on the ground that a valid election for the nomination could not have been held if it had been so intended. (In that case, the office of constable of the old precinct would not have been in existence on the date of the beginning of the new term, but in this case the office for the precinct as it now exists will continue for almost 9 months after the new term of trustee begins.) We therefore answer your question by stating that in the election to be held on April 2, 1966, a candidate for the office must be a resident of the precinct in which he is running, as it now exists, and only the voters residing within the precinct as it now exists may vote for that office.

Hon. Ed Keys, page 5 (C- 629)

As a further question, you ask for an opinion, in the event our answer to your first question is that the election should be held in accordance with presently existing boundaries, on what effect the change in boundaries will have on the status of these newly elected trustees when the order of the commissioners court takes effect on January 1, 1967. You also ask what effect it will have on the status of the two trustees who were elected from commissioners precincts in 1965.

We are of the opinion that both questions are controlled by the holding in Childress County v. Sachse, 158 Tex. 371, 312 S.W.2d 380 (1958), to the effect that a change in precinct boundaries does not create a vacancy in the office of county commissioner or deprive the incumbent of the right to hold office for the remainder of his term, and this is true "even though by reason of such change his residence is not within the precinct as redefined." The later case of Whitmarsh v. Buckley, 324 S.W.2d 298 (Tex.Civ.App. 1959) explained the basis of the holding to be that a county commissioner, although elected from a precinct, serves the entire county as a member of the commissioners court; that he is elected not to act for just his precinct but to serve the whole county. This is also true for a county school trustee, even to a greater extent than for county commissioner. Incidentally, the rule of the Sachse case was enacted into statutory form for the office of county commissioner in paragraph (b) of Article 2351½, quoted above. Although the statute does not apply to the office of county school trustee, the rule in the Sachse case by analogy does apply. We therefore hold that the change in boundaries on January 1, 1967, will have no effect on the tenure of either the trustees elected in 1965 or those elected in 1966.

## SUMMARY

Where an order of the commissioners court changing the boundaries of commissioners precincts, to become effective on January 1, 1967, was entered in November, 1965, the county school trustees who are to be elected from commissioners precincts in the election to be held on April 2, 1966, should be elected from the precincts as they now exist rather than as they will exist on January 1, 1967. Article 2351½, V.C.S., does not apply to the office of county school trustee.

-3054-

Hon. Ed Keys, page 6 (C-629)

      The change in boundaries on January 1, 1967, will have no effect on the tenure of either the trustees elected in 1965 or those elected in 1966. <u>Childress County v. Sachse</u>, 158 Tex. 371, 312 S.W.2d 380 (1958).

Yours very truly,

WAGGONER CARR
Attorney General

By: Mary K. Wall

Mary K. Wall
Assistant

MKW:ra:sj

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Reeves
Ralph Rash
Gordon Cass
Wade Anderson

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright